FRANK M. WOOLSEY, Appellant, *v.* FREDERICK P. SMALL, as President of the AMERICAN EXPRESS COMPANY, Respondent.

Third Department, July 2, 1941.

*Woolsey & Woolsey* [*R. D. Woolsey* of counsel], for the appellant.

*Carter, Ledyard & Milburn* [*Frederick H. Van Houten* and *Frank J. Mangan* of counsel], for the respondent.

PER CURIAM. Plaintiff brings this action for damages for breach of contract to transport and entertain him, his wife and son on a trip around the world, to start in January, 1930. He paid $4,937 to the defendant, which agreed to furnish transportation to England on the steamship *Berengaria*, from England to Naples by usual channels, from Naples the journey was to be completed on the steamship *Franconia*. Definite staterooms on the *Franconia* had been assigned to the plaintiff and his family before they left New York. Upon arriving in Naples, occupancy thereof was refused him, and he was obliged to accept accommodations on the steamship *Columbus*, under charter by the Raymond Whitcomb Travel Agency. It is the contention of the plaintiff that the quarters furnished were less desirable than those on the *Franconia*, which

defendant had contracted to furnish, and were uncomfortable, warm and oppressive during the trip in equatorial waters. It was agreed that if plaintiff's wife left the cruise when the ship arrived at Los Angeles, Cal., fifty dollars would be refunded. The defendant says that it was acting as agent for the En Route Service Company, which one of the witnesses says was a corporation, now in bankruptcy. The evidence would indicate that the En Route group were either employees, subcontractors or independent contractors with the defendant in connection with the entertainment and so-called university feature of the trip. The university feature was abandoned, the "professors" all returning to America from Naples.

In September, 1929, when negotiations started, defendant was to furnish staterooms and entertainment upon the steamship *Letitia* of the Anchor Line, the entire trip to be made thereon. This was changed and just prior to the proposed sailing plaintiff was offered rooms on the steamship *Cameronia*, but no tickets or contracts were tendered, although defendant had received the substantial sum earlier mentioned. Plaintiff returned to his home in Hancock, N. Y., intending to abandon the trip. Defendant's agent, Bennett, by telephone induced plaintiff to return to New York, where arrangements were made for accommodations on the *Berengaria* and *Franconia*.

There was undoubtedly a breach of contract, but plaintiff elected to go on from Naples in the staterooms substituted for those for which he had contracted; thus his measure of damage would be the difference in value between the accommodations which he received and those which he would have received on the *Franconia*. There is no proof upon this issue. The only proof as to damage is the failure of the defendant to refund the fifty dollars which it had agreed to do if the plaintiff's wife left the boat at Los Angeles, and she did leave the party at that port.

The judgment against the plaintiff should be reversed on the law and facts, with costs, and he should have a judgment for fifty dollars, with interest thereon from May 1, 1930, with costs.

The following findings of fact are reversed: 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and the conclusions of law disapproved.

The court makes the following findings of fact: That defendant by negotiations, partly in writing in the form of letters and partly oral, agreed to furnish a trip around the world to plaintiff, his wife and son. The contract was modified as to the boat upon which plaintiff and his family were to sail. Prior to January 3, 1930, it was agreed on behalf of the defendant that certain designated staterooms should be furnished on the *Berengaria* to Southampton,

England, thence by usual channels from Southampton to London, Paris, Rome and Naples, and from that port designated staterooms on the *Franconia* were to be furnished. Upon the arrival of plaintiff's party at Naples he was forced to accept a less desirable ship, the *Columbus*. No proof was given by the plaintiff as to the difference in value of the trip for his family on the *Franconia* which was contracted, and that which was furnished on the *Columbus*. Defendant did agree to refund fifty dollars of the amount if plaintiff's wife left the ship at Los Angeles. She did leave the ship at that port, and defendant has never refunded the fifty dollars.

The plaintiff is entitled to judgment therefor, with interest from May 1, 1930, the date of the termination of the trip.

HILL, P. J., CRAPSER, BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Judgment against the plaintiff reversed on the law and facts, with costs, and judgment in his favor directed for the sum of fifty dollars, with interest from May 1, 1930, with costs.

Findings of fact reversed and new findings made, as stated in opinion.